

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 10, 1992

Honorable Merrill L. Hartman
Chairman
Court Reporters Certification Board
P. O. Box 13131
Austin, Texas 78711-3131

Opinion No. DM-102

Re: Whether a certified shorthand reporter in the State of Texas may contract with a company to fulfill all of the company's shorthand reporting needs (RQ-263)

Dear Judge Hartman:

You ask about the permissibility of a certified shorthand reporter (hereinafter CSR) contracting with a company to provide all of the shorthand reporting services the company needs. We are informed that under this type of contractual arrangement, the contracting company, often an insurance company, instructs the attorneys who represent it to use only the CSR who has contracted with the company. The CSR discounts his or her usual fee in return for the company's promise to exclusively use the CSR. You are concerned that such a contractual arrangement will affect the CSR's impartiality and lead to inequitable billing practices and fraudulent conduct.

Under chapter 52 of the Government Code, a "shorthand reporter" is a person who, using written symbols in shorthand, machine shorthand, or oral stenography, makes a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner for use in litigation in the courts of this state. Gov't Code § 52.001(4), (5). Except in very limited circumstances, a person may not engage in shorthand reporting unless the Texas Supreme Court has certified the person as a shorthand reporter.[1] *Id.* § 52.021(b); *see id.* §§ 52.021 - 52.024 (discussing requirements for certification). CSRs are

---

[1] A noncertified shorthand reporter may record an oral deposition only when a certified shorthand reporter is unavailable. Gov't Code § 52.031.

certified and governed according to rules the Texas Supreme Court has promulgated. *Id.* § 52.002.

CSRs work generally as independent contractors, recording depositions and other proceedings in numerous lawsuits for a number of law firms and other companies involved in lawsuits, such as insurance companies. A CSR usually charges, on a per page basis, the party asking the first question at the deposition. *See* TEX. R. CIV. P. 206. Other parties may purchase copies of the deposition transcript from the CSR. Neither the statutes nor the rules promulgated by the Supreme Court of Texas (hereinafter the rules) require a CSR to take or sign an oath upon certification. The rules do, however, require a CSR to certify on every

> transcription of any oral court proceeding, deposition or proceeding before a grand jury, referee or court commissioner, or any other document certified by a certified shorthand reporter for use in litigation in the courts of Texas, . . . the signature, address and telephone number of the certified shorthand reporter and his or her State certification number and the date of expiration of certification.

Texas Supreme Court Standards and Rules for Certification of Certified Shorthand Reporters pt. I(I)(1) (unpublished, on file with the Court Reporters Certification Board). The rules further require a CSR to certify on each transcription that it is a "true and correct transcription" of the proceeding transcribed. *Id.*

We find nothing in the statutes or the rules expressly prohibiting a contractual arrangement between a CSR and a company or organization in which the CSR agrees to fulfill all of the company's shorthand reporting needs. However, you attach to your request letter copies of several deposition forms containing statements to which other state and federal courts require a CSR to certify,[2] apparently to illustrate that a CSR has a duty to remain neutral. For example,

---

[2]You have submitted copies of forms setting forth language to which CSRs in different states must certify. We understand that you have copied most of the forms from a book printed by the National Shorthand Reporters' Association (we are unaware of which particular edition you copied the forms from). The forms you have copied are for the following courts: United States District Court; United States Patent Office; United States Board of Tax Appeals; and the state courts of Indiana, Michigan, New York, Tennessee, and Wyoming. *See generally* Committee on Deposition Forms, National Shorthand Reporters' Association (1971).

depositions taken in a federal proceeding may not be taken by "a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action,"[3] and the CSR must certify to this on each transcription. *See* FED. R. CIV. P. 28(c). Neither Texas statutes nor the rules require CSRs in Texas state court proceedings to certify a statement similar to the above-quoted statement; in addition, we do not find any provisions expressly prohibiting CSRs from being employed by, or having a relationship of interest with, a party to the lawsuit.[4] Consequently, we cannot conclude on the basis of Texas statutory and regulatory law that CSRs who enter into a contractual relationship with a company are violating an express statute or rule.

We are advised that the National Court Reporters' Association Code of Professional Responsibility requires a court reporter to avoid any appearance of conflict of interest, to conduct himself with impartiality toward all participants in every case, and to disclose any existing or past financial, business, professional family or social relationships which might reasonably create an appearance of impartiality. Additionally, we are advised that the Texas Court Reporters' Association Code of Professional Conduct requires court reporters to be fair and impartial during all reported proceedings. Interpretation of these professional rules is beyond the purview of this office. Thus, we do not decide whether these provisions, enacted by the national and state court reporters' associations, prohibit

---

[3]We understand that the issue of whether a contract with a party such as the contracts at issue here constitutes an employment relationship or indicates a financial interest, either direct or indirect, in the action has not yet been determined by an adjudicative body.

[4]It has been suggested that because section 52.059(a) of the Government Code provides that the "attorney who takes a deposition and the attorney's firm are jointly and severally liable for a [CSR's] charges" for reporting and transcribing the deposition and for each copy of the deposition transcript the attorney requests, a company that is not a law firm cannot pay the CSR even though the firm has contracted with the CSR to pay the CSR directly for shorthand reporting services. In our opinion, section 52.059(a) mandates that the attorney taking the depostion and the attorney's firm are responsible to pay the CSR when the attorney's client, or any other person who may have agreed to pay, refuses to do so. Indeed, we note that the bill analysis for Senate Bill 858, which became section 52.059, indicates that the legislature designed the bill to remedy the problem resulting when the attorney and the client both refuse to pay the CSR. House Comm. On State Affairs, Bill Analysis, S.B. 858, 72d Leg. (1991). Thus, the legislature did not intend the section to provide that the attorney and the attorney's firm are the only entities who are permitted to pay CSR's bills, and we believe that the language of section 52.059(a) is consistent with that intent.

or restrict a shorthand reporter's ability to contract with companies to fulfill all of the company's shorthand reporting needs.

To the extent that a CSR violates state statutes and regulations, the statutes and rules provide means through which the Court Reporters Certification Board (hereinafter the board) can sanction the CSR. *See* Gov't Code §§ 52.027 - 52.030 (establishing requirements for verified complaints, notice and hearing, disciplinary actions, and appeal of disciplinary action); Texas Supreme Court, Standards and Rules for Certification of Certified Shorthand Reporters pt. IV (same). For example, the rules require a CSR to certify on every transcription that the transcript he or she has prepared is a "true and correct transcription." Texas Supreme Court, *supra* pt. I(I)(1). If a CSR violates the duty to prepare a "true and correct" transcript, presumably the CSR would be subject to disciplinary action from the board for dishonesty, failure of duty, and unprofessional conduct. Under the rules, such disciplinary action may include revoking or suspending the CSR's certification. Gov't Code § 52.029; Texas Supreme Court, *supra* pt. IV(A). Whether a CSR committed dishonest or unprofessional conduct in a particular situation, thereby violating the statutes and the rules, as a result of a contractual arrangement with a company involves the resolution of factual issues, a task the statute assigns to the board.

It also has been suggested that to make up for the discounted service charge billed to the contracting company, a CSR may charge other parties to the action excessive fees for copies of transcriptions. Further, it has been suggested that the kind of contractual arrangement at issue here may result in fraudulent conduct in that the court reporter may indicate an amount to be taxed as court cost when "the court reporter has actually not charged the contracted party anything for the taxable portion of the depositions." Again, the statutes and the rules expressly proscribe fraudulent, dishonest, or unprofessional conduct, and wilful or negligent violations of duty. Gov't Code § 52.029(a); Texas Supreme Court, *supra*. If the board finds a CSR guilty of such conduct, the CSR is subject to disciplinary action, which may consist of revocation or suspension of the CSR's certification. Gov't Code, *supra*; Texas Supreme Court, *supra*.

In short, we find no state statutory or regulatory provision expressly prohibiting CSRs from entering into a contractual arrangement with a company, pursuant to which a CSR agrees to fulfill all of the contracting company's shorthand reporting needs. Section 52.029 of the Government Code lists various types of behavior for which the board may sanction a CSR, including fraud and

unprofessional conduct, but the determination of whether a CSR in a particular contractual arrangement is committing any of the proscribed types of behavior is a determination the board must make according to the procedures set forth in sections 52.027 through 52.030 of the Government Code and part IV of the rules promulgated by the Texas Supreme Court.

## S U M M A R Y

Neither Texas statutes nor rules promulgated by the Texas Supreme Court preclude a certified shorthand reporter in the State of Texas from contracting with a company to provide all of the shorthand reporting services the company requires. Section 52.029 of the Government Code lists various types of behavior for which the Court Reporters Certification Board may sanction a certified shorthand reporter, including fraud and unprofessional conduct, but the determination of whether a certified shorthand reporter in a particular contractual arrangement is committing any of the proscribed types of behavior is a determination the Court Reporters Certification Board must make according to the procedures set forth in sections 52.027 through 52.030 of the Government Code and part IV of the Standards and Rules for Certification of Certified Shorthand Reporters, promulgated by the Supreme Court of Texas.

Very truly yours,

DAN MORALES
Attorney General of Texas

p. 523

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly Oltrogge
Assistant Attorney General